IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TRAVELERS PROPERTY CASUALTY )
INSURANCE COMPANY, )
 )
      Plaintiff, )
 )
v. ) Civil Action No. 3:07CV463-HEH
 )
CHARLES JUSTIN BRUNER )
and JOHN G. CARLTON, )
 )
      Defendants. )

## MEMORANDUM OPINION
### (Denying Defendant's Motion to Dismiss)

This case originated from an assault and battery that occurred at a social gathering in Chesterfield County, Virginia. Defendant Bruner's insurance carrier, Travelers Property Casualty Insurance Company ("Travelers"), filed this action seeking declaratory judgment as to the scope of coverage under his policy. The matter is presently before the Court on Defendant Carlton's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Both parties have filed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process. For the reasons stated below, Carlton's Motion to Dismiss is denied.

## I. Background

On or about March 20, 2005, Carlton attended a social gathering in Chesterfield. Bruner, along with other non-parties to this suit, attempted to enter the gathering. When he was denied entry, Bruner assaulted Carlton, apparently causing physical and mental injuries that necessitated significant medical expenses.

As a result of this physical altercation, Carlton filed suit against Bruner in Chesterfield County seeking $250,000 in compensatory damages and $50,000 in punitive damages. Bruner tendered the state suit to Travelers, requesting defense and indemnification under a clause in his homeowner's insurance policy that allows indemnification for certain "occurrences" resulting in injury or property damage. Travelers, while defending Bruner in the state suit with a reservation of rights, disputes that it has a duty to defend or indemnify Bruner under the policy.

After Carlton filed the state suit, Travelers brought an action in this Court seeking declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. Travelers claimed that it has no obligation to defend or indemnify Mr. Bruner against the state suit. Shortly thereafter, Carlton filed his Motion to Dismiss Plaintiff's Complaint.

## II. Standard of Review

In a motion to dismiss under Rule 12(b)(1), "it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in

2

effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Generally, dismissals under Rule 12(b)(6) are disfavored by the courts because of their *res judicata* effect. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). A complaint need only have "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks omitted). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. In considering a motion to dismiss under Rule 12(b)(6), the Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Martin*, 980 F.2d at 952.

### III. Analysis

Carlton has requested that this Court decline to exercise jurisdiction over this matter and dismiss the action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. However, in making this request, Carlton fails to adequately support his contention.

Carlton correctly points out that federal district courts have discretion in determining whether or not to entertain an action for declaratory judgment when there is a parallel state court action. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288-89 (1995). Carlton claims that this Court should decline jurisdiction, because there is a pending state action involving the *same* issues. However, it appears that the issues being adjudicated in state court, whether or not Carlton received physical injuries as a result of the conduct of Bruner, are not the same issues as those alleged in this declaratory action, whether or not Travelers has a contractual duty under the policy to defend and indemnify Bruner in the state court action. This Court sees no reason why it should decline jurisdiction in this matter.

In *Penn-America Insurance Co. v. Coffey*, 368 F.3d 409 (4th Cir. 2004), the Fourth Circuit determined that it was error for the district court to decline to exercise jurisdiction over Penn-America's action for declaratory judgment. *Id.* at 414. In reaching this decision, the Court considered four factors to determine whether or not the district court should have exercised jurisdiction. The four factors guiding the analysis are: (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of

4

forum-shopping. *Id.* at 412. Careful consideration of these factors strongly favors retention of jurisdiction.

First, the state court does not have a strong interest in resolving this matter. The issues of law are not new or novel. Second, there is no indication that the state court would be more efficient in resolving the dispute. Third, this Court can easily and efficiently address the coverage issue presented by Travelers without becoming entangled in the tort issues which are being adjudicated by the state court. *Id.* Resolving the question of Traveler's duty to defend does not require the resolution of the factual questions at all. The insurance carrier's obligation can be gleaned from the four corners of the policy. Finally, there is no evidence to support a finding of forum-shopping. There is simply no basis for this Court to decline jurisdiction.

## IV. Conclusion

Defendant has articulated no valid reason why this Court should refrain from exercising jurisdiction in this matter.[1] For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's claims will be denied.

---

[1] The joinder of Charles and Susan Bruner is not necessary for the resolution of this matter. According to the Policy, Bruner is insured under the Policy in his own right. Likewise, the doctrine of laches, an affirmative defense which Carlton must plead and prove, does not provide a reason to dismiss this matter. Finally, the fact that this federal action may pose a "hardship" on the defendants is not a matter which can be disposed of in a Rule 12(b) motion.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Oct 24, 2007
Richmond, VA